IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KELVIN CROWELL,

    Petitioner,

v.   CASE NO. 1:12-cv-63-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereafter "Petition"). The Petition stems from Petitioner's March 2009 *nolo contendere* plea to one count of robbery with a deadly weapon, for which Petitioner received a sentence of two years of community control followed by drug offender probation. Petitioner subsequently violated the conditions of community control and was sentenced to three years of imprisonment. Petitioner was released from confinement shortly after this case was filed. Doc. 10. Respondent filed a response and an appendix with relevant portions of the state-court record, and Petitioner filed a reply. Docs. 18, 23. Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

Petitioner pleaded *nolo contendere* to a Third Amended Information charging

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Petitioner and his co-defendant, Janice L. Quinn, with robbery with a deadly weapon, a tire iron (Petitioner and Quinn), aggravated assault with a deadly weapon (Quinn), accessory after the fact to robbery with a deadly weapon (Petitioner), and being a person engaged in a criminal offense having weapons (Quinn). Doc. 18-1 at 17. After their arrest, Quinn gave a statement that Petitioner drove her to the Gate Food Post store. Petitioner parked the car and went into the store to see how many people were inside. Quinn stated that Petitioner returned to the car and then Quinn entered the store with a tire iron provided by Defendant and concealed under a towel. Quinn threatened a clerk and a customer, and robbed the store of cash. She fled on foot back to Petitioner's car. Petitioner gave a statement that Quinn returned to the car saying "Go! Go! Go! I just hit a lick!" Petitioner then drove Quinn to a gas station where she bought him $10 worth of gas from the robbery proceeds. Petitioner identified himself from a surveillance photo taken at the Gate Food Post. Doc. 18-1 at 148-49.

Petitioner's written plea agreement, which he executed under oath, affirms that Petitioner told his trial counsel, John Floyd, all of the facts and circumstances underlying the charges, and any defenses he believed he had. Petitioner affirmed that he had discussed the charges with counsel and understood that by entering the plea he waived issues and defenses, and that he was satisfied with counsel's representation. Petitioner specifically affirmed that "[b]ecause I wish to accept the State's plea offer, at my request and with my agreement, my lawyer has not fully investigated my case nor talked to all of the witnesses." Doc. 18-1 at 19-25. Petitioner affirmed that he was entering the plea "freely, knowingly, intelligently and voluntarily," and that he believed the plea was in his best interest. *Id*. at 6. The plea affidavit reflects that Petitioner and

the State had agreed to a sentence of two years of community control followed by three years of drug offender probation.  *Id*. at 8.

Petitioner's sentencing memorandum reflects that the offense of conviction, robbery with a deadly weapon, carried a lowest permissible prison sentence of 48 months and a maximum sentence of life imprisonment.  Doc. 18-1 at 261-62.  On March 26, 2009, the trial court accepted Petitioner's plea, finding that it was freely, knowingly, intelligently, and voluntarily entered; that there was a factual basis to support the plea; and that Petitioner was represented by a competent attorney with whom Petitioner was satisfied.  Doc. 18-1 at 23.  The court sentenced Petitioner to two years of community control with conditions and three years of drug offender probation.  *Id*. at 26-31.  Petitioner did not appeal his conviction or sentence.

In September 2009, Petitioner was charged with violating the conditions of community control by testing positive for marijuana, possessing marijuana, violating state law, and failing to abide by his curfew.  He pleaded *nolo contendere* and was reinstated to community control.  R. Exh. B (Doc. 18-1 at 35-48).

In January 2010, Petitioner was again charged with violating the conditions of community control by, *inter alia*, changing residence without prior approval.  On May 15, 2010, community control was revoked and Petitioner was sentenced to three years.  He did not appeal.  *Id*. at 61.

In October 2011, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850.  R. Exh. C.  at 15.  Petitioner contended that he was denied the effective assistance of counsel because his trial counsel allowed him to enter a guilty plea, failed to investigate Petitioner's version of the events underlying his arrest and

conviction for robbery with a deadly weapon, failed to object to the sentencing scoresheet, failed to advise Petitioner that he would be subject to conditional release following a term of incarceration, failed to challenge the State's third amended information, and failed to interview or depose a co-defendant. Petitioner claimed that Quinn had committed the robbery and that Petitioner was only in her company at the time of the crime because he had picked her up for the purpose of having sex. Petitioner argued that the tire iron that he possessed was not a deadly weapon. *Id*.

The state court summarily denied Petitioner's motion without an evidentiary hearing. The court assessed Petitioner's claims under *Strickland*[2], and concluded that claims challenging the Third Amended Information and the sufficiency of the evidence were foreclosed because Petitioner had admitted the facts as alleged by the State in entering his guilty plea. Counsel had disclosed to Petitioner that he had previously represented the co-defendant, and the state court concluded that Petitioner had failed to establish that counsel had a conflict of interest such that he rendered deficient performance because Petitioner failed to demonstrate that his interests were actually compromised. The court determined that Petitioner had failed to show any deficient performance in connection with the sentencing scoresheet because the scoresheet was based on the offense of robbery with a deadly weapon, which was the crime to which Petitioner pleaded guilty. The court found that counsel was not deficient with respect to

---

[2]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

Petitioner being subject to conditional release after incarceration, because Florida law is clear that defense counsel is not required to provide such actual notice when a defendant negotiates a plea.  The court noted that under state law, a tire iron can be used as a deadly weapon.  Petitioner's plea foreclosed any claim that counsel should have deposed the co-defendant or called her to testify.  The court rejected Petitioner's claim that his counsel should have challenged the State's failure to properly charge him as an "accessory after the fact" because he did not plead to that charge and was not convicted of that charge.  The court denied the motion on the performance and prejudice prongs of *Strickland*.  Doc. 18-1 at 139-46.  The First DCA summarily affirmed *per curiam* without opinion.  Doc. 18-2 at 15.

The instant federal habeas petition, which Respondent concedes is timely, followed.  Petitioner asserts that he was denied the effective assistance of counsel because: (1) counsel failed to conduct an independent investigation; (2) counsel failed to move to dismiss the State's amended informations; (3) counsel failed to safeguard Petitioner's due process rights; and (4) counsel allowed Petitioner to plead guilty to a crime he did not commit (robbery with a deadly weapon).  Petitioner also contends that counsel had a conflict of interest because he had represented the co-defendant in previous criminal matters.  Petitioner generally contends that he was denied due process in connection with amendments to the information and that he was denied the opportunity to amend his postconviction motion.  Doc. 1.

### Section 2254 Standard of Review for Ineffective Assistance Claims

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review.  Under 28 U.S.C. § 2254(d)(2), a federal court may

not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting

*Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.  AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011).  "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'"  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).  "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

### **Guilty Plea and Ineffective Assistance of Counsel**

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel at trial, to raise a defense, and to confront his accusers.  *Boykin v. Alabama*, 395 U.S. 563, 573 (1989).  Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the plea.  *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973);  *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

In the guilty plea context, to show prejudice under *Strickland* Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

## Discussion

On this record, the Court concludes that Petitioner's federal habeas corpus claims are foreclosed by his guilty plea. Petitioner points to no evidence in the record from which the Court could conclude that his plea was anything but freely, knowingly, and voluntarily entered. In fact, on this record the validity of the plea is not open to challenge. The trial court made specific factual findings that the plea was freely, knowingly, intelligently, and voluntarily entered; that there was a factual basis to support the plea; and that Petitioner was represented by a competent attorney with whom Petitioner was satisfied. Doc. 18-1 at 23. The state court's findings as to the validity of plea must be presumed to be correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1). Petitioner has come forward with *no* evidence that rebuts these findings.

Further, Petitioner failed to appeal his conviction or sentence, and therefore any challenge to the validity of the plea or sentence are procedurally defaulted for purposes of federal habeas corpus review. *See* 28 U.S.C § 2254(b)(1)(A) (applicants must exhaust all remedies available in the State courts before seeking federal habeas relief).

None of Petitioner's ineffective-assistance claims implicate the validity of his plea. Petitioner contends that counsel should have conducted further investigation into the charges, but as explained above, Petitioner specifically waived any challenge to counsel's investigation in his plea agreement. Petitioner contends that counsel should have sought dismissal of the information and that his counsel allowed him to plea to a crime he did not commit, but Petitioner entered a valid plea to the Third Amended Information charging him with robbery with a deadly weapon, and Petitioner's and his co-defendant's statements provide ample factual support for the charge. Petitioner conclusionally alleges that his counsel did not protect his due process rights, but the record is clear that all of Petitioner's due process rights attendant to his guilty plea were satisfied. On this record, the State court's rejection of Petitioner's ineffective-assistance claims is plainly not contrary to or an unreasonable application of federal law.

Even if counsel's performance could be deemed deficient in any respect (which the state court concluded it was not), Petitioner's ineffective-assistance claims fail on the prejudice prong of *Strickland*. It is obvious that a sentence of community control followed by probation was highly favorable to Petitioner because a conviction of robbery with a deadly weapon at trial carried a sentence of at least 48 months and up to life imprisonment. There is no reasonable probability that but for counsel's alleged errors, Petitioner would have insisted on going to trial instead of entering a plea with a non-incarcerative sentence. Petitioner's subsequent incarceration was due to his own failure to abide by the conditions of community control, and nothing in the record suggests that his incarceration was in any way connected with his trial counsel's performance.

Petitioner's remaining habeas claims require little discussion. Petitioner

contends that his trial counsel had a conflict of interest because he had represented Quinn in previous cases. Petitioner concedes that counsel disclosed the prior representation to him. Doc. 1. Nothing in the record supports a conclusion that counsel's prior representation of Quinn affected the validity of Petitioner's guilty plea in any way, nor has Petitioner established any prejudice stemming from such prior representation. The state court's rejection of this claim was not contrary to, or an unreasonable application of, *Strickland*.

Petitioner generally contends that he was denied due process in his criminal proceeding, but his claims again concern pre-plea matters such as alleged defects in the information that in no way implicate the validity of his plea. *See* Doc. 1. His claim that he was denied the opportunity to amend his Rule 3.850 motion does not present a ground for federal habeas relief. The state court denied the motion on the merits, and Petitioner points to nothing in the record suggesting that he sought leave to amend his motion. Even if the state court had denied such a motion, Petitioner has made no showing that such denial would provide any cognizable basis for federal habeas corpus relief.

For the foregoing reasons, the Petition should be denied.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing

Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The petition for writ of habeas corpus (Doc. 1) should be **DENIED** and a certificate of appealability should be **DENIED.**

IN CHAMBERS  this 17th day of February 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**